Good morning, your honors. My name is, may it please the court, my name is Lee Lee. I represent the petitioner in this case. This case is a simple question. It's about whether the BIA abused its discretion by first refusing to consider a petitioner's late-filed brief and then summarily dismissing the appeal for not providing enough information on what the grounds for appeal were. So the first issue is that the BIA's dismissal was a very boilerplate, and in two cases, first Garcia-Gomez v. Gonzalez, which is the case in this circuit, and then in the second case that I believe opposing counsel put a brief, which was Lopez-Gomez, which is a first circuit case that quotes Garcia-Gomez. In both cases, these two appeals courts found that the BIA cannot just simply dismiss a motion to accept the late-filed brief just by giving a very boilerplate explanation that says the reasons given were insufficient. May I just ask a technical question? Once he was rejected on the electronic system, could he have refiled using the correct system? Is that in the record? I'm not sure. It's not in the record whether he could have filed or not. But what is in the record, Your Honor, is that when he found out that there was an error in the AR, which was after 5 p.m., so he apparently couldn't get an overnight service to send it on time, he immediately informed the BIA, filed the motion to accept the late-filed brief, and sent an express mail that arrived one business day later, which was on the 13th. The 10th was a Friday, so if there was a one-day delay, that was the earliest the BIA could reach it. But also, these facts are more favorable than the first circuit case where the plaintiff had a three-week delay. And in neither case was it suggested that the opposing party, DHS, was prejudiced by this delay in filing. So could I ask you to separate out two issues? One issue is should the brief have been accepted in the first place, even though it was late? The second issue is should the appeal to the BIA have been dismissed because there was no brief, basically? And on the second one, I thought that the standard that the BIA had to think about is whether there was a reasonable explanation for having missed the deadlines. And I'm not sure if the BIA explained why they thought your explanation wasn't reasonable. They did not. The only explanation they gave was the reason was insufficient. I understand that they argued in briefs that they were permitted to do so, but also that's their own practice manual. And as of low per bright, I don't think that's accorded any deference in the appeals court anymore. So is your argument that because they didn't really evaluate whether your explanation was reasonable, we should send it back to them to evaluate that? Yes, Your Honor. And if we do that, is there any chance you'll win? I mean, I guess the question is do we basically have any reason to think that that exercise would be anything other than futile because it seems like they'll probably just say that you shouldn't have been late and the reason of having trouble with the electronic filing wasn't enough? Well, in Lopez Gomez, the First Circuit said that the petitioner in that case had the reasons they gave seemed reasonable, which were that they had a technical error and they worked diligently to correct the technical error. And also the general principle under I think it's INS versus ABUDU is that there's the public interest in bringing a prompt close to immigration litigation, which is why there's things like filing deadlines. But also that's balanced with the interest in allowing the immigrant to fully develop their case. And in this case, if the BIA thinks that without this brief, the immigrant was not allowed to fully develop their case, which they apparently did by dismissing the case, then they should have accepted that brief under the standards that they were working under. So in this case, the brief is filed late, but the government responds to the brief and in the government's brief, there's no suggestion of untimeliness. Does any of that matter or is it all focused on what happens at the BIA? The government's brief does matter because it also shows why the BIA should not have dismissed the case even if they dismissed the refused to consider the late-filed brief. The government shows that by addressing the two points that were brought up in the brief, that essentially the adverse credibility determination was entirely based on petitioners allegedly getting the dates wrong on his son's age and his son's birthday. The government's brief was directly on point and shows that even without petitioners' brief, nobody would have been left guessing. And the BIA should also have considered that the government also was providing a guideline as to what they could have evaluated on appeal. That seems like the government wasn't prejudiced then. But their own brief in the AR shows that they focused on that one core issue and also mentioned the visa issue. But even then, the IJ said that those issues were not dispositive of or did not affect petitioners' credibility. It was just the dates of critical events that he was concerned about. So also in the cases that were cited where failure to file a brief led to the brief being summarily dismissed and the case being summarily dismissed or that being a potential issue, there was no brief filed at all. There was no brief filed at all. There was no late-filed brief to accept. I understand. Do you want to reserve time for rebuttal, maybe? Yes, I'll reserve three minutes for rebuttal. Thank you. Thank you. Good morning. Good morning. May it please the court. Jenny Lee on behalf of the respondent, the Attorney General of the United States. The court should deny the petition for review because the board gave two independently dispositive reasons for summarily dismissing petitioners' appeal. First, with regard to the notice of appeal, at 8 CFR 103.1 D2A, the notice of appeal must tell the board what he is challenging, but he did not identify the basis of his appeal. As the court said, the petitioner must show not just how the immigration judge erred, but why. Here, the notice of appeal was insufficient. Just simply saying the immigration judge is... I was going to say let's assume that's right and go on to what happened with the brief and whether there was enough explanation for dismissing the appeal. Yes, Your Honor. I'd be happy to address that. With regard to why the brief was rejected, this case is clearly different from Lopez Gomez. In Lopez Gomez, the petitioners in that case never sought a brief extension. This is important because in the BIA practice manual at chapter 4.7 D, the board's practice manual specifically states how cases are treated if an extension motion is filed as opposed to if no extension is filed. Quote, if no request to extend the briefing schedule has been previously made, such motion to accept late file brief will only be granted upon a showing of good cause for failing to meet the party briefing. That's what happened in Lopez Gomez. Here, petitioner specifically sought an extension. So we go to the BIA practice manual, which states, quote, in all other cases, the moving party must demonstrate extraordinary circumstances, examples, death, serious illness, natural or man-made disaster, to warrant a favorable exercise of discretion. Another key distinction in this case? Well, you know, the bottom line is we don't know the reason because after going through your first part, which of course has to do with the notice of appeal not being a fulsome notice of appeal and a very legitimate point, all they say is the record indicates he did not file such a written brief or statement within the time set for filing, period. They don't actually give the reason. They don't say, well, there were no extraordinary circumstances or given his motion or given his explanation, we don't buy it and therefore it's rejected. So we don't really know the reason, do we? You're providing a reason, but we just didn't get it from the BIA. Well, Your Honor, the board's notice of action was a procedural, I guess, notice. And so because it's procedural, we need to look at the BIA practice manual to be informed as to what that procedure means. The board in its decision specifically noted that petitioner filed an extension motion and that there were no extraordinary circumstances. Going back to Lopez. Sorry, can I bring you to 8 CFR 1003? It's a long thing. It ends to IE because it says that the BIA has to consider whether petitioner has reasonably explained his failure to file the timely brief before a case can be summarily dismissed. And I just don't see where we know that the BIA. I mean, you're saying there is a reasonable explanation, but where did the BIA consider whether petitioner reasonably explained his failure? So, again, that must be read by looking at the board's decision notice of action and the practice manual and the events that happened in this case. It seems very odd to me that somehow you impute the practice manual to the rationale of the board. It may be true, but it seems to me you need to know what is the decision so we at the Court of Appeals know what we're reviewing. And we're not, like, reviewing the practice manual and all kinds of other internal administrative documents. Your Honor, I understand your question. However, not all courts are as generous as this court with extension motions. For example, in the Second Circuit, if we do not file our brief timely, that case is either dismissed or we're not given an opportunity to file a brief. Well, then you should file more briefs here. Your Honor, we filed plenty of briefs here. I know that. Again, going back to. I guess, I mean, there is this regulation that talks about the BIA needing to consider whether there is a reasonable explanation. So are you just saying we. . . what are you saying we do with that? So the reasonable explanation will vary depending on the circumstances of the case. Here, because Petitioner already sought an extension, we know what reasonable circumstances are because we look at the BIA practice manual. But so if the BIA had said in their decision we are relying on the practice manual and his trouble with the electronic filing doesn't count under the practice manual, that kind of reason might have then allowed Petitioner to say, well, the practice manual is invalid. It's not a reasonable interpretation of its own regulation or something. But we don't even have. . . we can't review the reason because we don't. . . you're telling us that, but we don't have that reason. And he didn't have the ability to respond to that reason. Your Honor, Practitioners and Immigration Court at the Board of Appeals are very familiar with the administrative manuals. So I. . . So, okay, let me just ask you this. Do we have any case that says you don't have to cite the administrative manual, but it lurks in the background and it's always implicitly applicable? No, Your Honor, but. . . But does the BIA have such a case even? I am not familiar with one. I mean, they might now, but it just seems that it's a stretch to say what's the reason, and you're giving a reason, but the BIA didn't do what you're doing here in a rational way. I believe that if you're a practitioner with the executive, with the immigration courts and with the board, the reason should be known because the practice manual tells you how to litigate your cases before the board. Moving back to Gomez-Lopez, another key distinction is that in that case, the petitioner's counsel was informed of the incorrect filing deadline. . . I'm sorry, informed of the incorrect filing location after the deadline passed. Here, petitioner's counsel attempted to file the brief with the immigration court on May 9th, the day before it was due, and he received the rejection letter on May 9th. So, contrary to what petitioner's counsel indicated, Mr. Chen's lawyer could have properly filed with the immigration court, with the board, using the e-case system on May 9th. He did not do so. On May 10th, same thing. He could have filed it electronically, but he chose not to. Because petitioner's case happens after February of 2022, the board's regulations on electronic filing require that petitioners file their briefs electronically. He didn't do so. And so, unlike in Lopez-Gomez, where the petitioner's counsel could not file timely, in this case, petitioner's counsel could have timely filed it. And in Lopez-Gomez, that attorney acted diligently as soon as she found out that the brief was filed in the incorrect location. And another key distinction is in Lopez-Gomez, the board specifically noted in its rejection notice that the petitioner could file a motion to consider late-file brief. In those circumstances, remember, we're looking for a good cause, not extraordinary circumstance. The First Circuit found we don't know enough about the board's decision to know why it denied the motion. Here, again, we're looking at extraordinary circumstances. We can't say that the petitioner's mistake on filing in the incorrect location meets that standard. For those reasons, respondents... Is your argument really a futility argument, though? I mean, are you basically saying there's no reason to remand for an explanation because it's so obvious that there would be one, and so this is going to lose eventually? Or are you saying that we actually can tell that that was the reason already? I believe that the futility argument is a stronger argument, but I also think that we can tell what the board was saying based on the record and the practice manual. Again, in this case, Mr. Chen's counsel did not act diligently, already had an extension. For those reasons, the board did not abuse its discretion in denying his motion to accept late-file brief. If the court has no further questions, respondent rests on the brief file. Thank you, Your Honor.  I would like to reiterate that the government is relying on the practice manual, but again, after Loper-Bright v. Raimondo, there is no deference to the practice manual when the statute is ambiguous as it is here. The statute, as you mentioned, Your Honors, allows the BIA to consider a late-file brief, and therefore their interpretation of that ambiguous statute is just their interpretation. It is not inherently proof. I think it's actually regulations, not a statute, right? Aren't we looking at regulations? Yes, regulations. Yes. I misspoke, Your Honor. But also, there's a bit of a mischaracterization, I believe, of Lopez-Gomez and Garcia-Gomez, which is the core of those cases was that the BIA provided a boilerplate explanation of why the case was dismissed, why the brief was rejected, as they did here, and that boilerplate explanation was insufficient because it did not provide anybody enough information as to what the grounds were and whether those grounds were valid. Let me ask. Your client already had one extension, correct? Yes, Your Honor. And so if we were to remand and say the BIA needs to give a fulsome or some explanation of the rejection and the BIA comes back and says, well, number one, you already had one extension, and you know if you get one extension, then you have a high mountain to climb of extraordinary circumstances to get a late-filed brief. Do you think you'll be any better off than you are where you are now? I think it's at least reasonable to give the BIA a chance to consider whether Petitioner's efforts, our efforts to diligently cure the error were sufficient to overcome that mountain. And also I think it's important to get those grounds on the record so we know what, if any reason is, there is for the rejection, so we know if there's a necessity appeal or the likelihood of success for appeal because, again, there's a balance of interest here and my client is currently filing for asylum. So if he loses this chance to appeal and is not permitted and is sent back, he might be detained, beaten, tortured, or even killed. So there is this balance of interest that should be factored in when it comes to whether my client has been given a valid reason to. And also, sorry, I may go a little over. Also, this is a strange case because there's also the fact that the BIA dismissed, presumably but for the late-file brief, if there was a brief, they would have reached the merits even though the DHS shows that the merits were fairly obvious on the grounds. And even though the notice of appeal did not provide much detail, it was more than enough detail to realize, well, we're talking about this one issue which was I think I need to cut you off. I think we understand your arguments. Thank you. Thank you. You're over your time. Thank you both sides for the helpful arguments. My apologies, Your Honor. This case is submitted.
judges: McKEOWN, FRIEDLAND, SUNG